UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GOVERNMENT EMPLOYEES                         MEMORANDUM
INSURANCE COMPANY, et al.                    AND ORDER

                        Plaintiffs,
       - against -
ACTIVE CARE MEDICAL                          12-CV-5632 (SLT) (JO)
SUPPLY CORP., et al.,

                        Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

       On November 15, 2012, plaintiffs Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company, and Geico Casualty Company (collectively, "GEICO") brought this action against more than twenty individual and corporate defendants who allegedly made fraudulent insurance claims for "durable medical equipment and orthotic devices" that "purportedly were provided to individuals ('Insureds') who were involved in automobile accidents and were eligible for insurance coverage under GEICO insurance policies." Docket Entry ("DE") 1 ("Complaint") ¶ 1. On April 17, 2013, GEICO moved for leave to serve the summons and Complaint on defendants Boris Mosheyev ("Mosheyev") and Mark Danilovich ("Danilovich") (collectively, "the Remaining Defendants") at their respective last known business addresses and by service upon counsel who were allegedly retained by the Remaining Defendants to prosecute collection cases in New York City court. *See id*. at 1-2; DE 73-2 (Declaration of Justin Calabrese) ("Calabrese Decl.") ¶¶ 8-9, 13. I now grant that motion.

       GEICO claims that it has made repeated attempts to serve the Remaining Defendants at their last known addresses without success, either because they have moved or because they are evading service. In addition, GEICO has, again without success, used databases that have

previously helped locate defendants in order to serve them. *See* Calabrese Decl. ¶¶ 2, 7. Based on this information (and no further details about its efforts to effect service), GEICO seeks leave to serve Mosheyev and Danilovich via the collection attorneys they have allegedly retained to prosecute no-fault insurance claims against GEICO – claims that GEICO seeks to have declared unenforceable – on the ground that those attorneys "appear to be [the] only viable contact with the Remaining Defendants." *Id*. ¶ 9. GEICO contends that service upon the attorneys at their law offices "is certain to provide the Remaining Defendants with actual notice of the claims against them." *Id*.

In addition to serving the collection attorneys, GEICO proposes to serve the Complaint at the business addresses that each of the Remaining Defendants most recently provided to the Secretary of State. *Id*. ¶ 10. GEICO reasons that because it is likely that the Remaining Defendants continue to conduct business in Brooklyn, New York, such service will likely give them actual notice of the pending claims. *Id*. GEICO also argues that because each of the Remaining Defendants owns one of the corporate defendants in this action that has designated the Secretary of State to accept service on its behalf,[1] and because GEICO has already served those corporate entities via the Secretary of State, Mosheyev and Danilovich are likely already aware of the claims against them. Calabrese Decl. ¶ 10.

GEICO may effect service of process by following the pertinent law of New York. *See* Fed. R. Civ. P. 4(e)(1). Where the statutorily prescribed forms of service prove to be impractical, New York law allows the court to authorize an alternate form of service. N.Y. C.P.L.R. § 305(5). "In general, a plaintiff must make some showing that the other prescribed methods of service could not

---

[1] Mosheyev owns defendant Metro 8 Medical Equipment Inc., and Danilovich owns M & M Complete Equipment, Inc. *See* Complaint ¶¶ 19-22.

be made." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 117 (S.D.N.Y. Jan. 26, 2010) (internal quotation marks and citations omitted). However, while "'Section 308(5) requires a showing of impracticability of other means of service, [it] does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute.'" *Rampersad v. Deutsche Bank Secs., Inc.*, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (quoting *S.E.C. v. HGI, Inc.*, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999)). Whether service by other means is "impracticable" "depends on the facts and circumstances of a particular case." *Id.* (citation omitted); *see also TAGC Mgmt. LLC v. Lehman*, 842 F. Supp. 2d 575, 585 (S.D.N.Y. 2012).

  GEICO has met its burden under applicable law. It has demonstrated that prescribed service methods are impractical. *See Sec. & Exch. Comm'n v. Nnebe*, 2003 WL 402377 (S.D.N.Y. Feb. 21, 2003) (stating that courts have found service impracticable where defendant could not be located through a diligent search and additionally, that "[c]ourts have found a showing of impracticability … where a defendant could not be located by … searching computer databases") (internal citations omitted). It has also demonstrated that it has notified the businesses that the Remaining Defendants own of the pendency of this lawsuit. *See Commissioners of State Ins. Fund v. Nobre, Inc.*, 816 N.Y.S.2d 493, 494 (App. Div. 2006) (holding that an affidavit of service on corporations through service on the Secretary of State creates a rebuttable presumption that service has been effectuated). Finally, GEICO has proposed an alternate service method that is reasonably calculated to apprise the Remaining Defendants of this action and to give them an opportunity to present their objections. *See Rampersad v. Deutsche Bank Secs., Inc.*, 2003 WL 21073951, at *1 (S.D.N.Y. Aug. 16, 2007); *Kelly v. Lewis*, 486, 632 N.Y.S.2d 186, 187 (App. Div. 1995). I

therefore grant GEICO's motion and order it to serve defendants Mosheyev and Danilovich using the alternate methods it proposes by June 14, 2013.

    SO ORDERED.

Dated: Brooklyn, New York
       May 28, 2013

                                                 /s/
                                JAMES ORENSTEIN
                                U.S. Magistrate Judge