FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 6 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

                Plaintiffs,

-against-

ACTIVE CARE MEDICAL SUPPLY
CORP., et al.,

                Defendants.
----------------------------------------------------------x

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

12-CV-5632 (SLT)(JO)

**TOWNES, United States District Judge:**

In November 2012, plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "GEICO"), commenced this action against various defendants including Complete Equipment, Inc. ("Complete"), alleging a fraudulent scheme involving reimbursement claims for durable medical equipment in violation of New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Ins. Law §§ 5101 *et seq.*) and the regulations promulgated thereunder (11 N.Y.C.R.R. §§ 65 *et seq.*), also known as the New York No-Fault Laws. (Complaint, Doc. No. 1, November 15, 2012.) Despite being duly served with the Complaint, Complete failed to answer, and the Clerk entered a certificate of default on December 14, 2012. (Doc. Nos. 20, 34.) GEICO then moved for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Complete on June 11, 2014. (Doc. No. 162.)

In an endorsed order dated November 26, 2014, this Court referred the motion to Magistrate Judge James Orenstein for a report and recommendation ("R&R"). (Doc. No. 175.) On July 30, 2015, Judge Orenstein issued his R&R, recommending that the Court enter a default

judgment against Complete and issue a declaratory judgment that the plaintiffs are not obligated to pay outstanding claims submitted by Complete to GEICO pursuant to the fraudulent scheme. (R&R, Doc. No. 181, at 8.) The R&R specifically advised Complete that failure to file written objections designating particular issues to be reviewed by August 17, 2015, "waives the right to appeal the district court's order."(*Id.*, at 8-9.)

The R&R also ordered GEICO to serve a copy of the R&R upon Complete by certified mail and to file proof of service with the Court. (*Id.*, at 8.) On July 31, 2015, plaintiff's counsel filed an affidavit of service, representing that the R&R had been served on Complete via certified mail addressed to Complete at two Brooklyn addresses. (Doc. No. 182.) On August 19, 2015, plaintiff's counsel informed the Court that one of the service copies was returned as undeliverable. (Doc. No. 183.) The deadline to object has passed and without any activity by Complete.

A district court is not required to review the factual or legal conclusions of a magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Magistrate Judge Orenstein's Report and Recommendation dated July 30, 2015, is adopted in its entirety. The Clerk of Court is directed to enter a default judgment in favor of plaintiff and against Complete.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 16, 2015
Brooklyn, New York